Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 24, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends that the conviction is not supported by legally sufficient evidence that the victim sustained a physical injury. We reject that contention. The *1557 victim testified that defendant grabbed her arm during the robbery and kept “squeezing and squeezing” while threatening to kill her. She further testified that she felt like the bones in her arm were going to break, that the resulting pain was “excruciating” and “like 9 to 10 to 11” on a scale of one to ten, and that her arm was bruised afterward. We conclude that her testimony is legally sufficient to establish that her pain was substantial, i.e., “more than slight or trivial,” and thus that she sustained a physical injury (People v Chiddick, 8 NY3d 445, 447 [2007]; see Penal Law § 10.00 [9]; People v Henderson, 77 AD3d 1311, 1311 [2010], lv denied 17 NY3d 953 [2011]; cf. People v Lunetta, 38 AD3d 1303, 1304 [2007], lv denied 8 NY3d 987 [2007]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant’s further contention that the verdict is against the weight of the evidence on the issue of physical injury (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although the victim did not seek any medical treatment as a result of the incident or miss any time from work, the jury was entitled to credit her testimony concerning the extent of the pain she experienced (see People v Guidice, 83 NY2d 630, 636 [1994]; People v Smith, 45 AD3d 1483, 1483 [2007], lv denied 10 NY3d 771 [2008]; see also People v Spratley, 96 AD3d 1420, 1421 [2012]).
We reject defendant’s contention that he was denied effective assistance of counsel by his attorney’s failure to make certain objections at trial (see generally People v Taylor, 1 NY3d 174, 176-177 [2003]; People v Benevento, 91 NY2d 708, 712-714 [1998]), and we conclude that the sentence is not unduly harsh or severe.
All concur except Curran, J., who dissents and votes to modify in accordance with the following memorandum.